Jim Mackie, SBN 013314
Christopher M. Pastore, SBN 026340
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Telephone:  520.544.0300
Fax:  520.544.9675
jim.mackie@ogletreedeakins.com
christopher.pastore@ogletreedeakins.com

Attorneys for Plaintiff Metropolitan Life
Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Metropolitan Life Insurance Company,<br><br>            Plaintiff,<br><br>    v.<br><br>Heather L. Marlow, Tawny D. Marlow, Nicolette A. Marlow, Alan A. Marlow, and T. J. P.,<br><br>            Defendant. | No.  _:14-cv-<br><br>**COMPLAINT IN INTERPLEADER** |

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, and for its Complaint in Interpleader states:

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York.  It is duly licensed to do business in the State of Arizona.

2. Upon information and belief, defendant Heather L. Marlow is the ex-wife of Jefferey Allan Marlow (the "Decedent"), and she resides in Glendale, Arizona.

3. Upon information and belief, defendant Tawny D. Marlow is a surviving daughter of the Decedent, and she resides in Bullhead City, Arizona.

4. Upon information and belief, defendant Nicolette A. Marlow is a surviving daughter of the Decedent, and she resides in Concord, California.

5. Upon information and belief, defendant Alan A. Marlow is a surviving son of the Decedent, and he resides in Glendale, Arizona.

6. Upon information and belief, defendant T. J. P. is a surviving (minor) son of the Decedent, and he resides in Bullhead City, Arizona.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 29 U.S.C § 1132(e) (1) and 28 U.S.C. §1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq* ("ERISA"). Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure. This court also has jurisdiction pursuant to 28 U.S.C. §1335 because two or more adverse claimants of diverse citizenship are claiming, or may claim, entitlement to life insurance benefits in Plaintiff's custody, the value of which exceeds $500.

8. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e) (2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

9. The Decedent upon information and belief was an employee of EPCOR Water (USA) Inc., and a participant in the EPCOR Water (USA) Inc. Welfare Benefit Plan, an ERISA-regulated employee welfare benefit plan sponsored by EPCOR Water (USA) Inc. Decedent's participation in the EPCOR Water (USA) Inc. Welfare Benefit Plan included participation in both Basic and Supplemental Life Insurance, funded by group life insurance policies issued by MetLife (collectively, the "Plan").

10. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

11. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

12. The Plan's Certificates of Insurance establish, at Bates page number 46 for the Basic Life Insurance and Bates page number 58 for the Supplemental Life Insurance, the right of a Plan participant to name his or her Beneficiary, and state (on Bates page numbers 31 and 43 of the respective certificates) that benefits will be paid to the Beneficiary. True and correct copies of the Basic and Supplemental Life Certificates of Insurance (with Bates page numbers added for ease of reference) are attached hereto as Exhibits A and B, respectively.

13. The latest beneficiary designation on file with the Plans for the Decedent is dated November 14, 2011, and names Heather L. Marlow as the sole primary beneficiary of the life insurance benefits, and Tawny D. Marlow, Nicolette A. Marlow, Alan A. Marlow and T. J. P. as contingent beneficiaries. A true and correct copy of the November 14, 2011, Beneficiary designation is attached hereto as Exhibit C.

14. The Decedent died on April 21, 2012. A true and correct copy of the Decedent's death certificate issued by the State of Arizona ("Death Certificate") is attached hereto as Exhibit D. As set forth on the Death Certificate, the Decedent died as a result of a homicide. See Exhibit D.

15. At the time of his death, the Decedent was enrolled under the Plan for life insurance and accidental death and dismemberment coverage in the total amount of THREE HUNDRED AND EIGHTY EIGHT THOUSAND DOLLARS ($388,000.00) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plans.

16. On May 12, 2012, the primary beneficiary of the Plan Benefits, Heather L. Marlow, completed a statement of claim for the Plan Benefits. A true and correct copy of Heather L. Marlow's statement of claim is attached hereto as Exhibit E.

17. To date, Heather L. Marlow has not been ruled out as a suspect in the homicidal death of the Decedent. A true and correct copy of a sworn Declaration dated November 21, 2014 from Detective Eric Holmstedt, Glendale (Arizona) Police Department, Death Investigations Unit, is attached hereto as Exhibit F.

3

18.  MetLife cannot determine whether a court would find that Heather L. Marlow is disqualified from receiving the Plan Benefits based on federal common law.

19.  If a court were to determine that Heather L. Marlow is not disqualified from receiving the Plan Benefits, then the Plan Benefits would be payable to Heather L. Marlow based on the November 14, 2011 beneficiary designation.

20.  If a court were to determine that Heather L. Marlow is disqualified from receiving the Plan Benefits, then the Plan Benefits would be payable to Tawny D. Marlow, Nicolette A. Marlow, Alan A. Marlow, and T. J. P. as contingent beneficiaries.

21.  MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself and the Plans to double liability.

22.  MetLife is merely a disinterested stakeholder and claims no beneficial interest in the Plan Benefits, except for the payment of their reasonable attorneys' fees and costs incurred in bringing this action for interpleader.  MetLife has neither claim nor interest in the Plan Benefits, has not colluded with any potential beneficiary with respect to the Plan Benefits, and has voluntarily filed this action in interpleader of its own free will to avoid potential multiple liability and unnecessary suits and costs. MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

23.  MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

24.  MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plans, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

i.  Ordering  the Defendants to answer and present their respective claims, if any, to the Plan Benefits;

ii.  Restraining and enjoining the Defendants by Order and Injunction of this

4

Court from instituting any action or proceeding in any state or United States court against MetLife, EPCOR Water (USA) Inc. or the Plan for the recovery of Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

iii. Requiring that Defendants litigate or settle and agree between themselves their claims for the Plan benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

iv. Permitting MetLife to pay into the registry of the Court the Plan Benefits, plus any applicable interest;

v. Dismissing MetLife, EPCOR Water (USA) Inc. and the Plan, with prejudice, from this action and discharging MetLife, EPCOR Water (USA) Inc. and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest, into the registry of this Court, or as otherwise directed by this Court;

vi. Award MetLife its costs and attorneys' fees in connection with this action, to be paid from the Plan Benefits prior to any award of said benefits to Defendants; and

vii. Awarding MetLife such other and further relief as this Court deems just equitable and proper.

RESPECTFULLY SUBMITTED this 1st day of December, 2014.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  s/ Jim Mackie
Jim Mackie
Christopher M. Pastore
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Attorneys for Plaintiff Metropolitan Life Insurance Company

5